Submitted on remand from the Oregon Supreme Court May 6, affirmed
June 9, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN GEORGE STOKKE,
*Defendant-Appellant.*

Washington County Circuit Court
C053646CR; A134852

237 P3d 829

Peter Gartlan, Chief Defender and Anne Fujita Munsey,
Senior Deputy Public Defender, Appellate Division, Office of
Public Defense Services, for appellant.

Hardy Myers, Attorney General, and Mary H. Williams,
Solicitor General, and Erin C. Lagesen, Assistant Attorney
General, for respondent.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

This case is before us on remand after the Supreme Court vacated our previous opinion in light of *State v. Luman*, 347 Or 487, 223 P3d 1041 (2009). *State v. Stokke*, 348 Or 114, 228 P3d 1213 (2010). In our original opinion, we reversed and remanded defendant's convictions, concluding that the trial court had erred in denying defendant's motion to suppress evidence found in a safe that defendant had left in a hotel room past the checkout time. *State v. Stokke*, 231 Or App 387, 220 P3d 59 (2009). On remand, in light of *Luman*, we now affirm.

The relevant facts are outlined in our original opinion. *Stokke*, 231 Or App at 389-90. Briefly, when defendant failed to check out of his hotel room at the designated checkout time, hotel employees opened a locked safe in defendant's room, using a key they found in the room, for the purpose of itemizing the safe's contents. *Id.* at 389. One of the employees told a police officer that he had found "IDs, drugs, a scale, sexually explicit material, and 'a bunch of checkbooks belonging to several different people' in the safe." *Id.* at 390. Based on that information—as well as photographs that the employees had taken of the contents of the hotel room and the safe—the officer removed and examined the items in the safe. *Id.* The trial court denied defendant's motion to suppress the evidence obtained from the safe on the basis that the evidence was in plain view, and, thus, that the officer had not conducted a search before seizing it. *Id.* Defendant was subsequently convicted, based on stipulated facts, of seven counts of identity theft and one count of unlawful possession of a controlled substance.

On appeal, we reversed, concluding that the officer had conducted an unlawful search in violation of Article I, section 9, of the Oregon Constitution by removing and examining the items in the safe. Relying on our opinion in *State v. Luman*, 220 Or App 617, 188 P3d 372 (2008), we rejected the state's argument that, because the hotel employees had already examined the items sought to be suppressed, and because the officer's conduct did not extend beyond that private search, it did not constitute a search for which, under

Article I, section 9, a valid warrant or exception to the warrant requirement was required. *Stokke*, 231 Or App at 393-94.

In reversing our decision in *Luman*, however, the Supreme Court took a contrary view about the application of Article I, section 9. It held:

> "Once private parties have seized a piece of evidence, examined it, and delivered it to a police officer (thereby giving the police officer lawful possession of that evidence for criminal investigatory purposes), the police officer's subsequent, confirmatory examination of that evidence involves no additional injury to any privacy interest of the property owner; any privacy interest that the property owner once may have had in that piece of evidence is destroyed, at least to the extent of the scope of the private search."

*Luman,* 347 Or at 495-96.

The circumstances of this case are materially indistinguishable from those in *Luman*. Here, the hotel employees seized the safe, opened it, and viewed and inventoried its contents.[1] They thereafter made the open safe available to a police officer and told the officer exactly what was in it.[2] At that point, any protected privacy interest that defendant had in the contents of the safe had been extinguished. *Id.* at 492. It follows that the officer's subsequent examination of the items in the safe was not a search for purposes of Article I, section 9. *Id.* at 495 ("[I]f the police do not invade a *protected* privacy interest by examining a piece of evidence, a 'search' does not occur and no warrant is necessary." (Emphasis in original; footnote omitted.)).

Defendant raises a similar argument under the Fourth Amendment to the United States Constitution, which we did not address in our original opinion. That argument fails for the same reason as his Article I, section 9, challenge. *See Luman*, 347 Or at 496, 499 (explaining that its holding is

---

[1] We reject without discussion defendant's argument that there was sufficient government involvement in the hotel employees' opening and inspection of the contents of the safe to transform that private search into state action. *See Luman*, 347 Or at 492. ("It is axiomatic that Article I, section 9, applies only to government-conducted or -directed searches and seizures, not those of private parties.").

[2] There is no dispute that the officer had lawful possession of the safe.

analogous to the rule that the federal courts employ under the Fourth Amendment and concluding that "a private search frustrates a person's *right* to privacy under Oregon's Constitution exactly to the same extent that it frustrates a person's *expectation* of privacy under the federal constitution" (emphasis in original)). Defendant's Fourth Amendment rights were not violated by the officer's search of the safe.

It follows that the trial court did not err in denying defendant's motion to suppress the evidence found in the safe. Accordingly, we affirm.

Affirmed.